**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12cv622**

| | |
|---|---|
| **BRIAN BILLINGSLEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **TIME WARNER CABLE, INC.** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's pro se Motion to Strike Defendant's Corporate Disclosure Statement (#9). In challenging the corporate disclosure statement, plaintiff apparently takes issues with an addendum thereto indicating that plaintiff was not employed by Time Warner Cable, Inc., but by another entity, "Time Warner Entertainment-Advance/Newhouse Partnership." Plaintiff contends he was employed by the defendant as named in his Complaint. This dispute is not resolvable under Rule 12(f), but should be explored by plaintiff during discovery; however, defendant has noted its willingness to stipulate to amendment of the Complaint and the caption of this action to reflect his proper former employer, a stipulation which plaintiff has apparently refused. As a pro se litigant, plaintiff is advised that such decision may later prove to be harmful as failure to name the proper defendant may well lead an improperly named defendant to file a motion for dismissal of the action. Plaintiff should carefully consider what evidence he has that informs his decision, such as the name his employer used on any employment agreement with him, official correspondence, his pay stubs, and his W-4.

## ORDER

**IT IS, THEREFORE, ORDERED** that on plaintiff's pro se Motion to Strike Defendant's Corporate Disclosure Statement (#9) is **DENIED**.

Signed: January 3, 2013

Max O. Cogburn Jr.
United States District Judge